## HUGHES v INDUSTRIAL COMM

Ohio Appeals, 2nd Dist. Franklin Co

No 3025. Decided May 26, 1939

Cowan, Adams & Adams, Columbus, for plaintiff-appellant.

Ralph J. Bartlett, prosecuting attorney, Columbus; David B. Sharp and Edmond B. Paxton, Asst. Pros. Attys., Columbus, for defendant-appellant.

## OPINION

By HORNBECK, PJ.

This is an appeal from a judgment in favor of the defendant.

The plaintiff, Elizabeth Hughes, widow of John Hughes, deceased, was an applicant to the defendant Commission for the right to participate in the Workmen's Compensation Fund by reason of the death of her husband whom she claimed died from an injury suffered by him while in the course of his employment as an employee of the Greenlawn Cemetery Association. The Commission denied the claim on original hearing and on rehearing and an appeal was prosecuted to the Common Pleas Court. The cause was submitted to the trial judge, a jury being waived. The judge made a finding of facts and upon this finding as a matter of law upon the authority of **Industrial Commission v Franken, 126 Oh St 299,** held that the plaintiff was not entitled to participate in the fund. The conclusions of fact in so far as germane were as follows:

"* * * The court finds that John Hughes was employed by the Greenlawn Cemetery Association operating a trailer equipped with pneumatic tires; that on the 19th day of July, 1935, in his employment **the decedent by means of a hand pump inflated the four tires on the trailer requiring about 100 strokes per tire; that immediately after pumping the tires** he became dizzy and exhausted and pains developed in his neck, chest and head and he had difficulty in breathing; that he consulted a physician that evening, stayed home from work the next morning, went to bed at 11:00 A. M.; that as a result thereof he died one and one-half hours later with a coronary occlusion." (Emphasis ours).

The appeal is predicated upon the claim that the court applied an improper principle of law to the facts.

If the findings of facts as we have heretofore recited them are supported by the record we would hold that the plaintiff suffered an accidental injury and that upon the authority of **Industrial Commission v Luger, 54 Oh Ap 148, 22 Abs 20,** the plaintiff was entitled to a verdict and judgment.

In the cited case we considered and discussed all of the pertinent Ohio authorities including Industrial Commission v Franken, supra, which had been decided contemporaneously with or subsequent to the Franken case. We therefore are content to refer counsel to the Luger opinion.

We have not only the findings of fact of the trial judge but also a Bill of Exceptions duly authenticated. An examination of the bill is conclusive that there is no competent probative evidence supporting the findings of fact which we have emphasized.

Several witnesses before the Commission on the rehearing of the application of plaintiff were permitted to state for the purposes of the record that on the 19th day of July, 1935, plaintiff's decedent had said that he had inflated the four tires of the trailer with a hand pump requiring about 100 strokes per tire. In every instance, however, objection was interposed to the reception of this testimony. Two doctors also say that included in the history of the case as given to them by Mr. Hughes was the statement respecting his action in pumping up the tires of the trailer and the after effects therefrom. This testimony was objected to in so far as it related to proof of the substantive fact that Hughes had pumped up the tires with a hand pump.

None of this evidence was competent and admissible and without it there is complete failure of proof of a material fact necessary to plaintiff's recovery.

It is unfortunate that the plaintiff could not produce some competent proof

534

of the determinative fact in this case. That Mr. Hughes was injured in the manner claimed by plaintiff is probable, but upon application of the hearsay rule which is affirmatively established in the law of evidence, there is a complete absence of proof of an essential element of plaintiff's case. The Supreme Court in Roma v Industrial Commission, 97 Oh St 252, has said that in hearing of Industrial Commission cases the ordinary rule of procedure must give way, if, in adhering to them any conclusion savoring of injustice would result. But the court has not in any instance of which we have any knowledge waived the application of the hearsay rule if it has been urged by the Commission.

Judgment affirmed.

GEIGER & BARNES, JJ, concur.